# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24340-Civ-COOKE/GOODMAN

WILLIAM and CATHY PARKER,

    Plaintiffs,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

THIS MATTER is before me on Plaintiffs' Motion to Remand and for Payment of Fees and Costs (ECF No. 6). The Motion is ripe for review. For the reasons set forth herein, the Motion is denied.

## I. BACKGROUND

Plaintiffs brought this action in Florida state court, alleging that Defendant breached the terms of an insurance policy by failing to cover the full damages sustained by Plaintiffs' property during Hurricane Irma. ECF No. 1-3, at pp. 6–8. Plaintiffs' Complaint did not specify the amount of damages claimed in the suit, apart from stating that the damages exceeded the Florida circuit courts' jurisdictional threshold of $15,000. *Id.* at p. 1. Plaintiffs also requested "reasonable attorney's fees pursuant to Section 627.428, Florida Statutes." *Id.* at p. 8. Defendant removed to this Court based on diversity jurisdiction. ECF No. 1, at p. 3. Defendant argued that the $75,000 threshold was met here, based on an insurance claim form that Plaintiffs submitted to Defendant (evidently prior to filing suit), in which they stated that their "Net Claim" was $76,374.57. *Id.*; ECF No. 1-1.

Plaintiffs now move for the case to be remanded to state court. ECF No. 6, at p. 1. Plaintiffs assert that the "Net Claim" figure relied on by Defendant did not take into account Defendant's prior payment of $4,136.36, or the $8,237.20 deductible that Plaintiffs were required to pay under the policy. *Id.* When those amounts are subtracted from the "Net Claim," Plaintiffs argue, the amount in controversy in this case is only $64,001.01. *Id.*

1

Defendant responds that the Court must also consider, for jurisdictional purposes, the amount of attorney's fees that Plaintiffs would recover if they were to prevail. ECF No. 8, at p. 1. Defendant argues that such fees would easily take the total amount in controversy over $75,000. *Id.* at p. 2. Plaintiffs have not filed a reply in support of their Motion, and the time for them to do so has passed.

## II. LEGAL STANDARDS

"A civil action may be removed from state court to federal district court if the action is within the 'original jurisdiction' of the federal court." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing 28 U.S.C. § 1441(a)). "Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000." *DO Restaurants*, 984 F. Supp. 2d at 1344 (citing 28 U.S.C. §§ 1331, 1332). The party seeking to remove a case to federal court "has the burden to prove by a preponderance of the evidence that federal jurisdiction exists." *DO Restaurants*, 984 F. Supp. 2d at 1344.

"Where . . . the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *Id.* (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). "The jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard and defendants may introduce their own 'affidavits, declarations, or other documentation' to meet their burden." *DO Restaurants*, 984 F. Supp. 2d at 1344 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)).

"When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *DO Restaurants*, 984 F. Supp. 2d at 1345. "To determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own 'affidavits, declarations, or other documentation' to meet their burden." *Id.* (quoting *Pretka*, 608 F.3d at 755). "The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative," but it "does not

2

need 'to establish the amount in controversy beyond all doubt or banish all uncertainty about it.'" *DO Restaurants*, 984 F. Supp. 2d at 1345 (quoting *Pretka*, 608 F.3d at 755).

Section 627.428 of the Florida Statues provides for attorney's fees as follows, in relevant part: "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit[.]" Fla. Stat. § 627.428(1). This statutory right to attorney's fees is enforceable in the federal courts sitting in Florida, *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008), and it is properly considered as part of the total amount in controversy for purposes of diversity jurisdiction. *DO Restaurants*, 984 F. Supp. 2d at 1346.

### III. DISCUSSION

Plaintiffs move for remand based on the fact that their "Net Claim" of $76,374.57, relied on by Defendant in removing the case, did not take into account a payment that Defendant had made in partial satisfaction of Plaintiffs' claim, or the deductible that Plaintiffs were required to pay under the policy. ECF No. 6, at p. 1. Plaintiffs argue that when those amounts, $4,136.36 and $8,237.20 respectively, are subtracted from the "Net Claim," the actual amount in controversy is only $64,001.01. *Id.*[1]

In response, Defendant argues that it is "reasonable in its belief that the claimed damages are *in addition* to the prior payment of $4,136.36 and therefore that amount should not be deducted from Plaintiffs' claimed damages." ECF No. 8, at p. 2 (emphasis added). Defendant's argument fails for two reasons. First, it does not address Plaintiffs' $8,237.20 deductible, which on its own enough is to take the claimed damages below the $75,000 threshold. Second, Defendant's "belief" about the damages, reasonable or otherwise, is not sufficient to establish jurisdiction by a preponderance of the evidence. Set against Defendant's professed belief is Plaintiffs' assertion that the "Net Claim" figure was "exclusive of" Defendant's payment of $4,136.36 and Plaintiffs' deductible of $8,237.20. ECF No. 6, at p. 1. "Because [Plaintiffs'] lawyers are officers of this court and subject to

---

[1] Plaintiffs calculate the amount as $60,001.01, but that appears to be an error of arithmetic.

3

sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction, [the court] give[s] great deference to such representations and presume[s] them to be true." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003).

Defendant is correct, however, that the attorney's fees Plaintiffs seek under Section 627.428 of the Florida Statutes can be considered in calculating the amount in controversy. ECF No. 8, at p. 1; *see also, e.g.*, *DO Restaurants*, 984 F. Supp. 2d at 1346 (inclusion of "attorney's fees under Section 627.428. . . . in the calculation of the amount in controversy is appropriate"). The key question, therefore, is whether the attorney's fees that Plaintiffs could recover in this case would more likely than not exceed $10,998.99—the difference between the claimed damages and the jurisdictional threshold of $75,000.

Plaintiffs agree with this framing of the issue. Plaintiffs state that they "do not dispute the proposition that attorney's fees may be used in the calculation of damages," but they argue that "such an extreme" amount of fees cannot be presumed here. ECF No. 6, at pp. 4–5. Defendant, meanwhile, argues that the attorney's fees recovered by a successful plaintiff in an insurance dispute like this one could easily exceed $10,998.99. ECF No. 8, at p. 2. The problem, however, is that Defendant cites no evidence or authority whatsoever for that proposition. Defendant has thus failed to establish by a preponderance of the evidence that this Court has jurisdiction over this case.

Nevertheless, the Court has found a case that is directly on point here. That case is *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, relied on extensively in the discussion of the legal standards in Section II above. In *DO Restaurants*, the plaintiff's estimated damages were $64,056.36—almost exactly the figure in this case. 984 F. Supp. 2d at 1345. As in this case, the question was whether the plaintiff's "unspecified attorney's fees" under Section 627.428, "combined with the $64,056.36 damages estimate, suffice[d] to place the amount in controversy over $75,000." *Id.* In support of a finding of jurisdiction, the defendant in *DO Restaurants* submitted an affidavit by an attorney who was "familiar with litigating insurance defense cases in the State of Florida," and who stated that the fees in such a case could equal $50,000. *Id.* at 1346. Based on that affidavit, the court found "by a preponderance of the evidence that the estimated attorney's fees [were] likely to exceed $50,000," or, "at the

4

very least," to "exceed $10,943.65, which [was] all that [defendant] need[ed]" for purposes of removal. *Id.* The court therefore found that the jurisdictional requirements were met, and it denied the plaintiff's motion to remand. *Id.* at 1346–47.

The parallels between *DO Restaurants* and the instant case are striking: indeed, the difference between the relevant amounts in the two cases is a mere $55.35. Accordingly, the Court finds that it can rest assured, for the time being, that it more likely than not has jurisdiction over this case. Nevertheless, one critical distinction remains between the two cases—unlike the defendant in *DO Restaurants*, Defendant here has provided *no* evidence regarding the probable amount of attorney's fees. As already noted, "[t]he jurisdictional requirements of removal do not limit the types of evidence that may be used," and "defendants may introduce their own 'affidavits, declarations, or other documentation' to meet their burden." *DO Restaurants*, 984 F. Supp. 2d at 1344 (quoting *Pretka*, 608 F.3d at 755). Whatever form it takes, however, there must be *some* evidentiary basis on which the case can be allowed to move forward in federal court. Accordingly, Defendant must file an amended Notice of Removal, in which it provides evidence regarding the probable amount of attorney's fees recoverable by Plaintiffs should they prevail in this case.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED and ADJUDGED** as follows:

1) Plaintiffs' Motion to Remand and for Payment of Fees and Costs (ECF No. 6) is **DENIED**.
2) No later than February 11, 2019, Defendant shall file an amended Notice of Removal correcting the evidentiary deficiency outlined above.

**DONE and ORDERED** in chambers, Miami, Florida, this 1st day of February 2019.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*